**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2682-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

AFOLABI OSHINAIKE, a/k/a
AFOLABI C. OSHINAIKE,

    Defendant-Appellant.

_____

Submitted December 9, 2024 – Decided August 13, 2025

Before Judges Gummer and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 05-04-0538.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the briefs).

William A. Daniel, Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Assistant Prosecutor, of counsel and on the briefs).

PER CURIAM

Defendant Afolabli Oshinaike appeals from an order denying his petition for post-conviction relief (PCR) and motion to withdraw his guilty plea.[1] The PCR court entered that order after conducting an evidentiary hearing on remand from this court. Perceiving no abuse of discretion or legal error, we affirm.

I.

Defendant was arrested on February 5, 2005, after police saw him distribute a suspected controlled dangerous substance (CDS) to two recipients. On April 28, 2005, a grand jury returned an indictment, charging defendant with several third-degree crimes: possession of a CDS, N.J.S.A. 2C:35-10(a)(1); possession of a CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3); possession of a CDS with intent to distribute on or within 1,000 feet of school property, N.J.S.A. 2C:35-7; distribution of a CDS, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3); and distribution of a CDS within 1,000 feet of school property, N.J.S.A. 2C:35-7.

Defendant applied for pre-trial intervention (PTI). His PTI application was "recommended for rejection," and defendant was subsequently denied PTI.

---

[1] We use in this sentence the spelling of defendant's first name defendant used in his merits brief. We recognize that spelling differs from the spelling set forth in other records before the court.

According to a "PTI Recommendation" form completed by a probation officer,[2] defendant was not a citizen of the United States, was from Nigeria, had stated he had "possible future plans to apply for United States [c]itizenship," and had presented a permanent resident card.[3]  On April 18, 2005, defendant's attorney (plea counsel) did not file an appeal of the denial but sent a letter to the PTI Program team leader asking for reconsideration of the decision to deny defendant's PTI application.

On July 11, 2005, pursuant to a negotiated plea agreement, defendant pleaded guilty to third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3).  Question 17 on the plea form asked, "Do you understand that if you are not a United States citizen or national, you may be deported by virtue of your plea of guilty?"[4]  In response,

---

[2]  The PTI Recommendation form contained a reference to an attached "Rejection Letter."  The Rejection Letter apparently was not submitted to the PCR court and not included in the appellate record.

[3]  A holder of a permanent resident card, also known as a "green card," may "live and work permanently in the United States."  State v. Hernandez-Peralta, ___ N.J. ___, ___ (2025) (slip op. at 7 n.2)  (quoting Green Card, U.S. Citizenship & Immigr. Servs., https://www.uscis.gov/green-card (last visited Aug. 8, 2025)).

[4]  The standard plea form was amended on July 2, 2025, changing the language of question 17.  Id. at 8 n.3; see also Sup. Ct. of N.J., Notice to the Bar:

defendant circled "Yes." At the plea hearing, defendant testified he was a United States citizen, had read the questions on the plea form, and had voluntarily signed it. He confirmed the answers to the questions on the plea form were true. Defendant admitted he had known the CDS was cocaine and he had intended to sell it. In the plea agreement, the State agreed to recommend a sentence of 180 days in jail and to dismiss all other charges.

The court conducted a sentencing hearing on November 4, 2005. A presentence report indicated defendant had been born in "New York." The court asked defendant's counsel if she had had an opportunity to review the report with defendant. She responded "Yes" and advised the court she did not have any requested corrections. The court sentenced defendant in accordance with the plea agreement during the sentencing hearing and entered the judgment of conviction on November 15, 2005.

On October 3, 2019, the United States Department of Homeland Security served defendant with a notice to appear in connection with "removal proceedings." The notice referenced his 2005 conviction. According to

---

Amendments to Plea Questions:  Criminal, Family (Domestic Violence Contempt), and Municipal (July 2, 2025).  That amendment is not relevant to this appeal.

A-2682-22

defendant, Immigration and Customs Enforcement (ICE) arrested him and placed him "in deportation proceeding[s] based" on his 2005 guilty plea.

On March 1, 2020, defendant filed a PCR petition and moved to withdraw his guilty plea. He asserted his plea counsel had been ineffective in that she "misadvised" him "he would not be deported if there was no NJ State prison sentence"; failing to appeal the PTI denial; and failing to file certain motions. Defendant claimed he had pleaded guilty based on counsel's representation he was pleading guilty to a drug offense that would not lead to deportation because he would not be serving a prison sentence. He also claimed his delay in filing the petition was due to excusable neglect in that he was not "aware of the immigration problems associated with his . . . 2005 conviction" until he was detained by ICE in 2019.

In a certification submitted in support of the petition, defendant stated his plea counsel:

> knew that I was not born here but that I had a green card. She told me that I would not be deported for this offense because I was not going to State prison. I am grateful to her for keeping me out of State prison. The [j]udge asked me if I was a United States citizen and I said yes. I thought as a permanent resident that I was just like a United States citizen. I just could not vote. I answered the plea forms with [plea counsel's] help. I circled question 17 but understood that I would not be deported as long as I did not go to State prison. [Plea

counsel] helped me with the questions. She told me when to say "no" and what questions to say "yes" to. I had no idea that I was pleading guilty to a charge that would absolutely result in me getting put in deportation. I did not know what the immigration consequences of my actions were.

Defendant submitted an additional certification in which he stated he thought plea counsel had filed an appeal of the PTI denial. Defendant also submitted a certification by his mother. She asserted plea counsel had told defendant and her that defendant would not be deported for the offense at issue unless he had to go to State prison.

In an order and written opinion entered on September 24, 2020, the PCR court denied defendant's petition and motion. The court found defendant had not established excusable neglect for the delay in filing the petition and had failed to establish a prima facie case of ineffective assistance of counsel. The court had not conducted an evidentiary hearing. Defendant appealed the order.

We vacated the order and remanded the case. State v. Oshinaike, No. A-0927-20 (App. Div. Aug. 24, 2022). We remanded the case "for an evidentiary hearing for the court to consider his claims of ineffective assistance of his plea counsel and his motion to withdraw his guilty plea." Id. at 15. Because of the credibility determinations that had been made in the court's initial decision, a different judge, the Honorable Thomas K. Isenhour, conducted the proceedings

6

on remand. See State v. Camey, 239 N.J. 282, 312 (2019) (directing case be assigned to a different judge on remand due to credibility determinations made in initial decision).

During the evidentiary hearing on remand, defendant testified that when he pleaded guilty in 2005, he believed he was a United States citizen because he was a permanent resident, had a driver's license and a Social Security card, had attended school in the United States, and had obtained financial aid to attend college. According to defendant, based on that belief, he told plea counsel he was a United States citizen. Defendant further testified he had not discussed the immigration consequences of his plea with plea counsel because counsel understood he was a United States citizen. Defendant confirmed plea counsel had reviewed the plea form with him, including question 17, and he remembered he had "said yes on U.S. Citizen." Contrary to what he had said in his certification in support of the petition, defendant confirmed he had not relied on any immigration advice from plea counsel when he pleaded guilty. He also admitted during the evidentiary hearing that he had been selling cocaine the day he was arrested.

Plea counsel testified at the hearing that she had understood defendant was a United States citizen. She stated she had asked him several questions and

A-2682-22

"believe[d]" he had told her he was a United States citizen. According to plea counsel, if she had known he was not a citizen, she would have sought the assistance of a law partner who specialized in immigration law. She testified that any time she had a client with an immigration issue, she would discuss it with that partner. Because she had not spoken with her partner about defendant, she concluded she was not aware defendant had any immigration issues. She also testified she did not remember receiving the PTI recommendation form or any other document that contained information indicating defendant was not a United States citizen. She asserted that if she had received the PTI recommendation form, she would have reviewed it with defendant and reached out to her law partner. She also testified that if she had any reason to believe defendant was not a United States citizen, she would have interrupted defendant's testimony during the plea hearing and would have told the court he was not a citizen. She denied promising defendant he would not be deported and denied giving him any immigration advice. The court found her testimony credible.

On March 7, 2023, the PCR court issued an order and written decision denying defendant's petition and motion. The court did not find defendant credible, pointing out defendant alleged in his PCR petition plea counsel had

A-2682-22

"provided him with incorrect immigration advice and instructed or allowed him to give false answers on the plea form and to [the court] knowing that he was not a U.S. citizen" but had "now admitted that to be a false and intentional misrepresentation . . . ." The court found incredible defendant's testimony that he did not understand the difference between being a permanent resident and a citizen.

The court held the petition was time-barred and that defendant had not established excusable neglect for the delay in filing it. It concluded defendant had not been "reasonably diligent as he affirmatively misrepresented his citizenship to counsel prior to the plea, to [the court] during the plea colloquy, and to the probation officer during the preparation of the pre-sentence report."

The court held defendant had not established a prima facie case of ineffective assistance of counsel. Citing State v. Nuñez-Valdéz, 200 N.J. 129 (2009), the court found plea counsel "did not have an obligation to affirmatively investigate the possibility that [defendant] was a non-citizen once [defendant] told her that he was." The court also rejected defendant's other claims of ineffective assistance.[5]

---

[5] On appeal, defendant argues plea counsel rendered ineffective assistance based on his citizenship status and the failure to appeal the PTI denial. He does

Here, [defendant] has provided no analysis and none of the underlying documentation to support his claims. Other than his assertion that a PTI appeal would have been successful, [defendant] has articulated no reason to believe that an appeal could have been successful. Indeed, [defendant] has not provided a copy of the PTI rejection letter or articulated why the State's decision was an abuse of discretion. It is insufficient to simply assert that the appeal should have been filed and would have been successful without more. [Defendant's] additional claims are even more amorphous, so much so, that the basis for them cannot be discerned.

Turning to defendant's plea-withdrawal argument, the court analyzed each of the factors a court should consider when deciding a motion to withdraw a guilty plea, see State v. Slater, 198 N.J. 145, 157-58 (2009), and found defendant had failed to establish any of them. Consequently, it denied his motion to withdraw the guilty plea as well as the PCR petition.

On appeal, defendant raises the following arguments for our consideration:

POINT ONE

[DEFENDANT] IS ENTITLED TO RELIEF ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL REGARDING THE DEPORTATION

not address the other claims of ineffective assistance he made in his petition. Accordingly, he waived those claims. See N.J. Dep't of Env't Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015) ("An issue that is not briefed is deemed waived upon appeal.").

A-2682-22

CONSEQUENCES OF HIS PLEA AND/OR HIS PLEA MUST BE SET ASIDE.

    A. Counsel Rendered Ineffective Assistance.

    B. [Defendant's] Guilty Plea Must Be Set Aside.

    C. [Defendant] Established Excusable Neglect So His Petition Is Not Time-Barred.

Unpersuaded by those arguments, we affirm.

## II.

When a PCR court has held an evidentiary hearing and has made "factual findings based on live testimony, an appellate court applies a deferential standard; it 'will uphold the PCR court's findings that are supported by sufficient credible evidence in the record.'" State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Nash, 212 N.J. 518, 540 (2013)). We defer to the PCR court's credibility determinations of a witness the court had the opportunity to observe firsthand. Ibid. We give that deference because the judge had the "opportunity to hear and see the witnesses and to have the feel of the case, which a reviewing court cannot enjoy." Nuñez-Valdéz, 200 N.J. at 141 (quoting State v. Elders, 192 N.J. 224, 244 (2007)). Although we defer to the factual and credibility determinations of a PCR court, we do not defer to the court's interpretation of

11

law, which we review de novo.  Hernandez-Peralta, ___ N.J. at ___ (slip op. at 17).

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee defendants in a criminal proceeding the right to the assistance of counsel in their defense.  The right to counsel requires "the right to the effective assistance of counsel."  Nash, 212 N.J. at 541 (quoting Strickland v. Washington, 466 U.S. 668, 686 (1984)) (internal quotation marks omitted).  "The 'benchmark' for judging whether counsel's assistance was constitutionally ineffective is 'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'"  Hernandez-Peralta, ___ N.J. at ___ (slip op. at 17) (quoting Strickland, 466 U.S. at 686).

To establish a prima facie case of ineffective assistance of counsel, a defendant must show a "reasonable likelihood" of success under the two-prong test outlined in Strickland, 466 U.S. at 687, and adopted under our State Constitution by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).  See also Hernandez-Peralta, ___ N.J. at ___ (slip op. at 17).  The Strickland test requires the defendant show (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth

A-2682-22

Amendment" and (2) counsel's "deficient performance prejudiced the defense." Id. at 17-18 (quoting Strickland, 466 U.S. at 687). "Specifically, defendant 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 18 (quoting Fritz, 105 N.J. at 52) (internal quotation marks omitted).

With respect to both prongs of the Strickland test, "a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012); see also State v. Young, 474 N.J. Super. 507, 516 (App. Div. 2023). If a defendant fails to sustain his burden under either prong of the standard, a defendant's ineffective-assistance-of-counsel claim fails. Strickland, 466 U.S. at 687.

Under the first prong, "counsel's performance is held to a standard of 'reasonableness under prevailing professional norms'; thus, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness.'" Hernandez-Peralta, ___ N.J. at ___ (slip op. at 18) (quoting Strickland, 466 U.S. at 688). "Courts owe 'extreme deference' when 'evaluating the performance of counsel,' . . . and 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance.'" Ibid. (first quoting Fritz, 105 N.J. at 52; then quoting ibid.; and then quoting Strickland, 466 U.S. at 689). "[R]easonable professional assistance does not require 'the best of attorneys' – it simply requires that defendant's attorney is 'not one so ineffective as to make the idea of a fair trial meaningless.'" Id. at 21-22 (quoting State v. Davis, 116 N.J. 341, 351 (1989), superseded on other grounds by constitutional amendment, N.J. Const. art. I, ¶ 12, as recognized in State v. Cruz, 162 N.J. 403, 411 (2000)). In considering counsel's performance, "we 'make every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" Id. at 22-23 (quoting Pierre, 223 N.J. at 579 (omission in original)) (internal quotation marks omitted).

Under the second Strickland prong, a defendant must "affirmatively prove" "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Strickland, 466 U.S. at 693, 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Ibid. (quoting Strickland, 466 U.S. at 694). Proof of prejudice under Strickland's

second prong "is an exacting standard." Ibid. (quoting State v. Allegro, 193 N.J. 352, 367 (2008)).

An ineffective-assistance-of-counsel claim may be established when counsel fails "to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Hernandez-Peralta, ___ N.J. at ___ (slip op. at 18) (quoting Strickland, 466 U.S. at 691). "However, courts cannot fault counsel 'for failing to expend time or resources analyzing events about which they were never alerted.'" Ibid. (quoting State v. DiFrisco, 174 N.J. 195, 228 (2002)).

A defendant's right to effective assistance of counsel extends to the plea-negotiation process. Lafler v. Cooper, 566 U.S. 156, 162 (2012); see also State v. Chau, 473 N.J. Super. 430, 445 (App. Div. 2022). When a defendant seeks "[t]o set aside a guilty plea based on ineffective assistance of counsel, a defendant must show . . . that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial." Nuñez-Valdéz, 200 N.J. at 139 (first alteration in original) (quoting DiFrisco, 137 N.J. at 457) (internal quotation marks omitted); Lafler, 566 U.S. at 163 (holding a defendant claiming ineffective assistance at the plea stage must show "the outcome of the plea process would have been different

15

with competent advice").  A defendant also "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances."  Padilla v. Kentucky, 559 U.S. 356, 372 (2010); see also State v. Aburoumi, 464 N.J. Super. 326, 339 (App. Div. 2020).

In Hernandez-Peralta, the Court declined to impose on counsel a duty "to independently verify or investigate a client's citizenship status beyond asking the client if they are a citizen."  ___ N.J. at ___ (slip op. at 27-28).  And that is the only remaining issue before this court regarding counsel's performance and defendant's citizenship status.  In his PCR petition and in the certification he submitted in support of the petition, defendant asserted plea counsel had affirmatively misrepresented to him that he "would not be deported for this offense because [he] was not going to State prison" and that he had relied on that misrepresentation when he pleaded guilty.  The testimony defendant gave during the evidentiary hearing on remand not only fails to support those assertions but directly contradicts them.  His testimony establishes:  (1) plea counsel made no such misrepresentation, and (2) defendant told to her he was a United States citizen.  So, the question is, given that defendant had told plea counsel he was a United States citizen, did she have a duty to verify that

A-2682-22

statement or otherwise investigate his citizenship status? Pursuant to Hernandez-Peralta, the answer to that question is no. Id. at 27-29.

Defendant argues Hernandez-Peralta is factually distinguishable from this case and contends plea counsel knew defendant was not a United States citizen because documents she had received informed her he was not a United States citizen. To reach that conclusion, we would have to reject the credibility findings of the PCR court and the evidence before it. And that we cannot do.

The PCR court found plea counsel credible, including her testimony that she did not recall receiving any document that contained information indicating defendant was not a United States citizen. We defer to that credibility determination, Nuñez-Valdéz, 200 N.J. at 141, and the record gives us no reason not to. Defendant asserts in his merits brief that plea "counsel had all of the above-referenced documents wherein [defendant] stated that he was not a United States citizen," referencing defendant's PTI application, the PTI recommendation form, a uniform defendant intake form, and what defendant describes as "the criminal history record and arrest report." Defendant did not include in his appendix a copy of his PTI application; consequently, we don't know what, if any, representations about his citizenship he made in the

application. And the record is devoid of any evidence plea counsel received the other documents he references.

To support his assertion that "all of the documents [were] sent together to defense counsel," defendant relies on a comment made by his lawyer during the evidentiary hearing on remand. Acknowledging his minimal experience regarding the PTI program, the judge asked counsel "does the PTI recommendation letter go to private counsel or is it just a rejection letter that goes to private counsel?" Defendant's PCR counsel responded: "Judge, in my experience you get the whole thing." That unsworn statement by counsel about his personal experience is not evidence plea counsel received any of the documents on which defendant relies to establish her knowledge of his non-citizen status.

Defendant also relies on plea counsel's testimony that she "receive[d] discovery." But nothing in the record details the documents she received in discovery. Defendant highlights a comment about "a more thorough review of [defendant's] arrest record" plea counsel made in her April 18, 2005 PTI reconsideration letter. Defendant assumes by "arrest record" plea counsel meant a document entitled "New Jersey Criminal History Detailed Record," one page of which he included in his appellate appendix. But during her testimony plea

counsel was not asked about either the letter or the "New Jersey Criminal History Detailed Record" or what she meant by "arrest record" in her letter. During his direct examination of plea counsel, defendant's PCR counsel began to ask plea counsel a question about a "Uniform Defendant Intake" document but withdrew the question. When the court asked her about that document, plea counsel testified she did not remember receiving it in discovery or otherwise seeing the document. She also testified she did not remember receiving the PTI recommendation form.

Defendant did not prove plea counsel received any of the documents on which he relies, and we can't assume she received them, especially given her credible testimony she did not recall receiving any document that contained information indicating defendant was not a United States citizen. We have no basis to conclude plea counsel received documents that contradicted defendant's representation to her he was a United States citizen. And, thus, we have no basis to conclude she rendered ineffective assistance to defendant based on his citizenship status.

Defendant's claim plea counsel rendered ineffective assistance by not formally appealing the PTI denial is premised on his argument plea counsel failed to realize he was not a citizen. Having rejected that argument, we

conclude his PTI claim is equally without merit. Moreover, as the PCR court held, defendant's bald assertion about the viability of an appeal of the PTI denial is insufficient support for an ineffective-assistance claim. See State v. Blake, 444 N.J. Super. 285, 299 (App. Div. 2016).

With respect to the second Strickland prong, defendant claimed in his petition he had pleaded guilty based on plea counsel's alleged misrepresentation. But, again, his testimony made clear plea counsel had not made that misrepresentation. Defendant testified he had pleaded guilty after reviewing with plea counsel the plea form, including question 17, which provided, "Do you understand that if you are not a United States citizen or national, you may be deported by virtue of your plea of guilty?" The PCR court found not credible defendant's testimony he did not understand the difference between being a permanent resident and a citizen. On that record, we perceive no support for the second Strickland prong.

Based on the record presented, including the testimony given at the evidentiary hearing, we discern no error in Judge Isenhour's determination that defendant failed to sustain his burden under the Strickland standard to establish his ineffective-assistance-of-counsel claim. We therefore affirm the denial of defendant's PCR petition set forth in the March 7, 2023 order. Because we

conclude defendant failed to meet the Strickland standard, we do not address defendant's argument regarding the judge's finding he also was procedurally barred from bringing this petition because it was untimely.

Finally, we turn to the denial of the motion to withdraw the guilty plea. We "reverse the denial of a motion to withdraw a guilty plea 'only if there was an abuse of discretion which renders the [trial] court's decision clearly erroneous.'" State v. Hooper, 459 N.J. Super. 157, 180 (App. Div. 2019) (quoting State v. Simon, 161 N.J. 416, 444 (1999)). "A denial of a motion to vacate a plea is 'clearly erroneous' if the evidence presented on the motion, considered in light of the controlling legal standards, warrants a grant of that relief." State v. O'Donnell, 435 N.J. Super. 351, 372 (App. Div. 2014) (quoting State v. Mustaro, 411 N.J. Super. 91, 99 (App. Div. 2009)). When deciding a motion to withdraw a guilty plea, a court should consider the following factors: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Slater, 198 N.J. at 150; see also Hernandez-Peralta, __ N.J. at __ (slip op. at 33).

21

Defendant bases his plea-withdrawal motion on his contention he "entered his plea based on counsel's misadvice that he would not be deported." Defendant's testimony in the evidentiary hearing on remand disproves that assertion and, with his admission he was selling cocaine on the day he was arrested, demonstrates the absence of a colorable claim of innocence. On that record, we perceive no abuse of discretion in the denial of defendant's motion to withdraw his guilty plea set forth in the March 7, 2023 order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division